**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID GIBSON,

                                    Plaintiff,

                                                                    9:22-CV-723
                    v.                                              (AJB/DJS)

PATRICK REARDON, *et al.,*

                                    Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

DAVID GIBSON
Plaintiff, pro se
Mid-Hudson Forensic Psychiatric Center
2834 Route 17-M
New Hampton, New York 10958

CONWAY, DONOVAN & MANLEY, PLLC          RYAN T. DONOVAN, ESQ.
Attorney for Defendants
50 State Street, 2d Floor
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

        Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his rights while he was held in the custody of the New York

Department of Corrections and Community Supervision ("DOCCS").  Dkt. No. 16, Am.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

Compl.  Defendants have now moved for partial summary judgment.[2]  Dkt. Nos. 61 & 61-3, Defs.' Mem. of Law.  Plaintiff opposed the Motion.  Dkt. No. 66, Pl.'s Opp.

For the reasons that follow, the Court recommends that the Motion for Summary Judgment be **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

The events at issue in the Amended Complaint are alleged to have taken place in 2022 while Plaintiff was incarcerated at Marcy Correctional Facility.  *See generally* Am. Compl.  The nature of the allegations were set forth in detail in the District Court's review of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A.  Dkt. No. 21, Dist. Ct. Order.  That Order permitted the following claims to proceed through discovery:

> (1) plaintiff's First Amendment mail tampering claims against defendants Ziar, Keeney, Kliche, Waters, Giordani, Mayne, and Rugari; (2) plaintiff's First Amendment free exercise claims against defendants Chaplain, Carpenter, Bizika, and Foance; (3) plaintiff's Eighth Amendment conditions-of-confinement claims against defendants Chaplain, Carpenter, Bizika, and Foance based on meal tampering; (4) plaintiff's Eighth Amendment conditions-of-confinement claim against defendant Keirpeck based on lack of access to an in-cell toilet; (5) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Waters, Giordani, Browinski, Roberts, Lamonica, Chaplain, Kessler, Bizika, Bennett, Hesti, Vitale, and Reardon; and (6) plaintiff's Eighth Amendment medical indifference claim against defendant Darrocco.

---

[2] The Motion was filed by Defendants' prior counsel.

*Id.* at pp. 33-34.[3]

The excessive force and medical indifference claims arise from an incident on May 5, 2022. Am. Compl. at p. 7 & 14-16; Dkt. No. 61-20 at p. 3.[4] Plaintiff claims that he was assaulted by numerous Defendants on that date. Am. Compl. at p. 7 & 14-16. Records submitted by Defendants in support of the Motion suggest that the incident occurred while correctional staff were escorting Plaintiff within Marcy C.F. and that, according to those officials, Plaintiff became agitated and failed to comply with staff instructions, necessitating a use of force. *See* Dkt. No. 61-20 at p. 12. Following the use of force Plaintiff was brought to the facility medical unit and seen by Nurse DeRocco. Dkt. No. 61-10 at ¶ 6. Plaintiff claims that he was denied medical treatment, a claim Nurse DeRocco denies. *Id.* at ¶¶ 4-5. The other issues presented on this Motion concern distinct claims regarding alleged failure to provide Plaintiff with sanitary living conditions, edible food that comports with his religious needs, and access to legal mail. The particular facts of those claims are not recited in depth here because they largely consist of Plaintiff's allegations and the subsequent denials by Defendants, the legal significance of which is outlined in detail below.

---

[3] The Court notes that the correct spelling of a number of the Defendants' names has now been established following service of the Amended Complaint.

[4] A number of Defendants named with respect to the excessive force claim have not sought summary judgment. Defs.' Mem. of Law at p. 1 n.1.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier

4

of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

### A. Plaintiff's Excessive Force Claims

"The Eighth Amendment prohibition on cruel and unusual punishments precludes the unnecessary and wanton infliction of pain and protects inmates against the use of excessive force." *Jones v. Rock*, 2013 WL 4804500, at *17 (N.D.N.Y. Sept. 6, 2013) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Eighth Amendment excessive force claims have both objective and subjective elements. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (quoting *Hudson v. McMillian*, 503 U.S. at 8). "The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Wright v. Goord*, 554 F.3d at 268).

### 1. Personal Involvement

As noted above, Plaintiff's excessive force claim relates to an incident that occurred on May 5, 2022 during an escort in the Marcy C.F. Mental Health Unit. *See generally* Dkt. No. 61-20.

6

A basic premise of liability under section 1983 is that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  An individual is liable only for his own personal involvement in a violation of constitutional rights.  *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014).

Defendant Reardon, the Superintendent at Marcy at the time of this incident, seeks summary judgment based on lack of personal involvement.  Plaintiff's Amended Complaint does not specifically identify Reardon as having used excessive force or failing to intervene.  Am. Compl. at p. 6.  Nor does it allege that Reardon was present at all.  *Id.*; *see also* Dkt. No. 61-16, ¶ 11 (denying that he was present).  Instead, Plaintiff alleges that the incident was recorded and that Reardon reviewed it days later and took no action.  Am. Compl. at p. 6.  A supervisory official "may not be held liable for damages merely because he [or she] held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) ("After the fact notice of a violation of an inmate's rights is insufficient to establish a supervisor's liability for the violation.").  The alleged failure to remedy a wrong committed, as Plaintiff alleges as to Reardon, is insufficient after *Tangreti*, to establish their personal involvement. *Logan v. Graham*, 2021 WL 4440344,

at *4-5 (N.D.N.Y. Sept. 28, 2021).  Summary judgment, therefore, should be granted as to Reardon.

Plaintiff testified at his deposition that Bennett "was not there" at the time of the incident.  Pl.'s Dep. at p. 19.  Summary judgment based on the lack of the personal involvement is, therefore, appropriate.  *Harris v. Skinner*, 2003 WL 22384794, at *4 (W.D.N.Y. Sept. 4, 2003) (summary judgment appropriate when plaintiff concedes defendant was not present for event); *see also Brown v. Town of Stonington*, 2008 WL 2856663, at *4 (D. Conn. July 22, 2008) (similar).

Defendant Bieksza also seeks summary judgment as to the use of force incident on the ground that he was not present during the use of force incident.  Defs.' Mem. of Law at p. 6; Dkt. No. 61-7 at ¶ 10.  Questions of fact as to that preclude summary judgment.  Defendant's reliance on the failure of his name to appear in the Unusual Incident Report, Dkt. No. 61-7 at ¶ 10, is not a sufficient basis for granting summary judgment since the various reports of the incident contained in that larger report do not provide a consistent list of correctional staff involved in the incident and thus cannot be deemed to provide undisputed factual evidence regarding who was present.  *See*, *e.g.*, Dkt. No. 61-20 at pp. 33 & 36 (listing different numbers of people involved in or present for use of force).  Most significantly, Bieksza's name was initially listed as being involved in the use of force by another staff member who was involved, before that

8

individual crossed out Bieksza's name. *Id.* at p. 31. Plaintiff also appears to specifically identify Bieksza as being involved. Pl.'s Opp. at p. 5. The Court, therefore, recommends that his Motion for Summary Judgment be denied.

### 2. Merits

Defendants Champlin and Histed seek summary judgment on the merits of the claims asserted as to them. Defs.' Mem. of Law at pp. 6-9. The Court recommends that the Motion be denied as to these Defendants.

The Amended Complaint alleged that Champlin was present during a physical assault upon Plaintiff and then that he improperly applied leg shackles. Am. Compl. at p. 15. The Court's initial review Order found that the Amended Complaint sufficiently alleged an excessive force claim against Champlin. Dkt. No. 21 at p. 5. Champlin now seeks summary judgment on the ground that Plaintiff has neither alleged that the application of the shackles was done wantonly or that he suffered injury from the Defendant's own specific actions. Defs.' Mem. of Law at pp. 6-9. Summary judgment should be denied as to this claim.

While Defendant Champlin's Motion seeks summary judgment solely with respect to the alleged use of leg shackles, the District Court's initial Order did not so limit the claim against him, Dist. Ct. Order at p. 5 (noting that the Amended Complaint includes allegations that Champlin assaulted Plaintiff), and the record is clear that this

was not Champlin's only involvement in the use of force. His own use of force report demonstrates that he was involved in physically restraining Plaintiff during the incident as to which summary judgment is not being sought. Dkt. No. 61-20 at pp. 36-37. His involvement, therefore, clearly goes beyond the shackling for which he seeks summary judgment. Interests of judicial economy suggest that attempting to separate out the shackling incident from the overall use of force incident would be difficult to manage and likely imprudent.

Moreover, Defendant Champlin's Declaration in support of the Motion is not a basis for finding no question of fact exists in any event since it specifically avers that Defendant "do[es] not specifically recall shackling Plaintiff" on the date in question. Dkt. No. 61-9 at ¶ 18. Such a sworn statement does not provide a basis for granting summary judgment in light of Plaintiff's specific contrary allegations. *Milner v. Laplante*, 2021 WL 735909, at *8 (D. Conn. Feb. 24, 2021); *Classy Lady, Inc. v. Nationwide Mut. Ins. Co.*, 2014 WL 6605821, at *3 (E.D. Tenn. Nov. 19, 2014) ("Affidavits stating that the affiant 'does not know' or 'does not recall' facts raised in a summary judgment motion do not meet the personal knowledge requirement under Rule 56(c)(4) of the Federal Rules of Civil Procedure.").

For similar reasons, the Court recommends denial of Defendant Histed's Motion. Histed is accused of forcibly squeezing Plaintiff's hands as mechanical restraints were

removed.  Am. Compl. at p. 16.  This was found sufficient to state an Eighth Amendment claim.  Dkt. No. 21 at pp. 6 & 34.  In support of his Motion, Defendant Histed affirms that while he has no recollection of escorting Plaintiff on the date in question he "can state with certainty that I did not forcefully squeeze Plaintiff's hands while unshackling him" because "I have never forcefully squeezed anyone's hands while unshackling them."  Dkt. No. 61-13 at ¶ 8.  This is not a statement of fact based upon personal knowledge sufficient to support the Motion regarding the specific event alleged by Plaintiff.  FED. R. CIV. P. 56(c)(4).

For these reasons it is recommend that the Motion for Summary Judgment as to Plaintiff's Eighth Amendment excessive force claims be granted as to Defendants Reardon and Bennett and denied as to Bieksza, Champlin, and Histed.[5]

### B. Medical Indifference

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44

---

[5] The same questions of fact that defeat summary judgment as to Bieksza, Champlin, and Histed, preclude a finding that qualified immunity is appropriate here.

11

(W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-105.  "Plaintiff must submit some evidence that a defendant interfered with his prescribed course of treatment and caused plaintiff to suffer pain." *Guarneri v. Hazzard*, 2010 WL 1064330, at *14 (N.D.N.Y. Mar. 22, 2010) (citation omitted).

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted).  Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly

affects an individual's daily activities; or the existence of chronic and substantial pain."

*Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Nurse DeRocco seeks summary judgment as to the claim that she failed to provide proper care to Plaintiff on the grounds that Plaintiff has failed to demonstrate that he suffered from a serious medical need and that she was not indifferent to his medical condition.  Defs'. Mem. of Law at pp. 10-13.

The record establishes questions of fact that preclude summary judgment here. Defendant claims that Plaintiff was yelling and spitting at her.  Dkt. No. 61-10 at ¶¶ 6-7.  Plaintiff admits that he was yelling, purportedly from the pain, but denies that he spit at the nurse.  Pl.'s Dep. at p. 57.   Plaintiff further testified that the nurse never examined him in any way and immediately used profanity towards him and stated from the outset that he was refusing to be examined which he denies.  *Id.* at pp. 61-62.  This is in direct conflict to Nurse DeRocco's version of events which claims that despite Plaintiff's conduct she was able to do some examination and noted no injuries.  *See* Dkt. No. 61-10 at ¶ 7.   A complete refusal to examine an injured inmate could state a claim for deliberate indifference.  *See Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374

13

(11th Cir. 2009). Viewing the evidence in the light most favorable to Plaintiff, therefore, the Court recommends denial of the Motion.[6]

### C. Mail Tampering

"Under the First Amendment, prisoners have the right to 'the free flow of incoming and outgoing mail.'" *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). "To establish a violation, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Rasheen v. Adner*, 356 F. Supp. 3d 222, 234 (N.D.N.Y. 2019) (quoting *Davis v. Goord*, 320 F.3d at 351).

Under this standard, "a single instance of mail tampering that does not result in the plaintiff suffering any damage" does not typically satisfy the "regular" interference threshold. *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 210 (N.D.N.Y. 2015) (citing *Morgan v. Montayne*, 516 F.2d 1367, 1371 (2d Cir. 1975)); *see also Tafari v. McCarthy*, 714 F. Supp. 2d 317, 346 (N.D.N.Y. 2010). Plaintiff's mail claim against Defendants Zike and Rugari each involve only one incident. Zike allegedly confiscated letters from a court in Queens, New York. Am. Compl. at p. 11. Rugari allegedly failed to provide Plaintiff with mail on September 25, 2022. *Id.* at p. 22. Because these actions are

---

[6] As with the excessive force claims discussed above, these questions of fact preclude affording summary judgment based on qualified immunity.

alleged to be no more than isolated, one event incidents, summary judgment is appropriate given the caselaw indicating that "[o]ne incident is insufficient to constitute a First Amendment violation." *Riley v. Semple*, 2017 WL 507214, at *4 (D. Conn. Feb. 7, 2017); *see also Robinson v. Phillips*, 2024 WL 3488288, at *3 (N.D.N.Y. July 1, 2024), *report and recommendation adopted*, 2024 WL 3488524 (N.D.N.Y. July 19, 2024) (citing cases).

Plaintiff alleges that Defendant Mayne interfered with his mail on two occasions, once in July and again in September 2022.  Am. Compl. at pp. 11-12.  The Second Circuit has determined that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering justifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *John v. New York Dep't of Corr.*, 130 F. App'x 506, 507 (2d Cir. 2005) (citation omitted).  Under this standard, the record does not establish a basis for permitting Plaintiff's claims against Mayne to proceed beyond summary judgment.  For neither incident does the record establish that Plaintiff suffered any harm.  More importantly, the record belies any claim that these incidents, even if true[7], demonstrate the sort of "ongoing practice of censorship" the Second Circuit caselaw requires.  *See id.* at 507.

---

[7] Defendant denies that either incident took place.  Dkt. No. 61-5, ¶¶ 15-18.

The record, for example, demonstrates that Mayne delivered mail to Plaintiff on other dates about which Plaintiff makes no allegations of misconduct.  Dkt. No. 61-21 at p. 5.  This evidence suggests that Mayne was not engaged in any sort of ongoing practice to deny legal mail to Plaintiff.

The Court, therefore, recommends that summary judgment be granted with respect to mail tampering claims against Defendants Zike, Rugari, and Mayne.

The Court reaches a different conclusion regarding the allegation that Defendants Waters, Giordani, Keeney, and Kliche denied Plaintiff his mail for over a monthlong period between September and October 2022.  Dist. Ct. Order at p. 9.  Defendants deny this allegation.  *See*, *e.g.*, Dkt. No. 61-14, ¶ 11; Dkt. No. 61-18, ¶¶ 12-13.  Defendants' argument in support of summary judgment focuses on the conclusory nature of the allegations.  Defs.' Mem. of Law at p. 15.  They claim the allegations lack detail about dates, times, what happened to Plaintiff's mail, among other things.  *Id.*  This argument is somewhat undercut by the fact that it is raised on a Motion for Summary Judgment after the opportunity to conduct discovery.  Plaintiff was deposed, but it does not appear that these matters were the subject of questioning that could have provided the additional factual information Defendants contend is lacking.  *See generally* Pl.'s Dep.; *cf.  Smith v. New York & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 318 n.5 (S.D.N.Y. 2020) (party cannot use choice not to depose witness about facts as a shield from defending claims).

16

That leaves Plaintiff's allegation of a systemic interference with legal mail for a month, Am. Compl. at p. 10, which, if true, clearly could provide a basis for a claim. Defendants' denials raise only factual questions unresolvable on the present Motion.

The Court, therefore, recommends that Defendants Mayne, Zike, and Rugari be granted summary judgment with respect to Plaintiff's First Amendment mail tampering claim, but that the Motion be otherwise denied.

### D. Conditions of Confinement

While the Eighth Amendment "does not mandate comfortable prisons," prisoners may not be denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 & 349 (1981). Thus, in order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991) (citation omitted); *see also Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir.1996).

The Second Circuit has "long recognized that unsanitary conditions in a prison cell can, in egregious circumstances, rise to the level of cruel and unusual punishment." *Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013). That can specifically include conditions involving improperly working toilet facilities. *Id.* Here, Plaintiff alleges that

17

he was in his cell for nine days with a non-functioning toilet that required him to defecate on the floor of his cell. Dist. Ct. Order at p. 11. Plaintiff characterizes the claim several times as one resulting from "maintenance malpractice." Pl.'s Opp. at p. 9. Defendant Kierpiec is the sole Defendant as to this claim.

The Court recommends that this claim be dismissed. For purposes of summary judgment, the Court accepts Plaintiff's factual allegations regarding the condition of his cell especially since Defendants have not offered evidence to the contrary. It is well-established, however, that a claim under section 1983 requires the direct personal involvement of the defendants. As noted above, this requires that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d at 618 (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676). The record here establishes that Kierpiec served as a Captain at Marcy Correctional Facility at the time of these claims. Dkt. No. 61-15, ¶8. For supervisory Defendants, "a mere 'linkage' to the unlawful conduct through 'the prison chain of command'. . . is insufficient to show his or her personal involvement in that unlawful conduct." *Fabrizio v. Smith*, 2021 WL 2211206, at *9 (N.D.N.Y. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL 2211023 (N.D.N.Y. June 1, 2021). Nor, in any event, does the record establish that Defendant had any knowledge of the condition of Plaintiff's cell. Kierpiec's role gave

18

him authority over security matters.  Dkt. No. 61-15 at ¶ 8.  He had no role in overseeing maintenance issues at Marcy.  *Id.* at ¶ 10.  Kierpiec denies having any knowledge about an issue in Plaintiff's cell.   *Id.* at ¶¶ 9 & 14.  For these reasons, Plaintiff cannot establish either that Kierpiec was involved in any way in the issue involving his cell or that Kierpiec acted with deliberate indifference toward it.

The Motion for Summary Judgment, therefore, should be granted.

### E. Meal Claims

Plaintiff asserts First and Eighth Amendment claims against Defendants regarding alleged denial of and/or tampering with his meals.  Dist. Ct. Order at pp. 10-11.

*1. First Amendment Claim*

To show a violation of his First Amendment right to free exercise "[i]n the context of a [Section] 1983 claim . . . , there is no requirement to show that the governmental burden on religious beliefs was 'substantial.'"  *Brandon v. Royce*, 102 F.4th 47, 55 (2d Cir. 2024) (quoting *Kravitz v. Purcell*, 87 F.4th 111, 127 (2d Cir. 2023)).

Defendants largely seek dismissal of Plaintiff's First Amendment claim on the ground that any denial of meals was *de minimis*.  Defs.' Mem. of Law at pp. 19-20.  This is based on Plaintiff's claims that  hewas denied at most three meals which, in Defendants' view involved only juice, side dishes, or desserts.  *Id.* at p. 20.  The Second

19

Circuit, however, has made clear that Plaintiff need not establish that the burden on his beliefs was "substantial" to state a claim.   *Kravitz v. Purcell*, 87 F.4th at 127. Defendants' contrary argument, therefore, is not a basis for summary judgment.

Summary judgment as to this claim, however, is appropriate on the basis of qualified immunity.  The doctrine of qualified immunity provides an immunity from suit, and thus liability, for public officials acting reasonably under the circumstances presented. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation and citation omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 305 (1996).  "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted); *see also Reichle v. Howards*, 566 U.S. 658, 664 (2012) ("To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right.") (internal quotations and citations omitted). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

20

Prior to the Second Circuit's decision in *Kravitz*, courts in this circuit had routinely held that "a de minimis interference with [a plaintiff's] First Amendment rights . . . fails to support a First Amendment claim as a matter of law." *Butler v. Hogue*, 2010 WL 4025893, at *4 (N.D.N.Y. Feb. 4, 2010), *report and recommendation adopted*, 2010 WL 4025886 (N.D.N.Y. Oct. 13, 2010), *aff'd*, 434 F. App'x 36 (2d Cir. 2011); *see also Brown v. Annucci*, 2025 WL 415814, at *4 (S.D.N.Y. Feb. 6, 2025) (citing cases); *Graham v. Knebel,* 2009 WL 4334382, at *3 (S.D.N.Y. Dec. 1, 2009) (citing cases). The conduct at issue here dates to 2022, prior to *Kravitz*.  "For thirty years, and at the time of the alleged violation, there was an 'open question' in the Second Circuit regarding whether the 'substantial burden test' – which requires plaintiffs to plead, and ultimately prove, that the disputed conduct substantially burdened their sincerely held religious beliefs – applied to free exercise claims." *Brown v. Annucci*, 2025 WL 415814, at *4 (quoting *Kravitz v. Purcell*, 87 F.4th at 119 & 122).   Accordingly, because it was not clearly established at the time of the incidents in question that missing just a few meals could be the basis for a First Amendment claim summary judgment, based on qualified immunity is appropriate.  *Id.*

21

### 2. Eighth Amendment Claim

Plaintiff also pursues this claim based on the Eighth Amendment.

"[T]he Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980)). "In food tampering claims a plaintiff must allege that he suffered an actual injury, 'the mere allegation of food tampering alone [ ] is insufficient to establish a claim under the Eighth Amendment.'" *Calvin v. Schmitt*, 2017 WL 4280683, at *5 (S.D.N.Y. July 7, 2017) (quoting *Harris v. Ashlaw*, 2007 WL 4324106, at *5 (N.D.N.Y. Dec. 5, 2007)).

In the Eighth Amendment context, certain claims regarding meals can be so *de minimis* as to not state a claim. *See*, *e.g.*, *Cisse v. Annucci*, 2022 WL 1183274, at *8 (N.D.N.Y. Apr. 21, 2022). Here, Plaintiff's Eighth Amendment claims against Flansburg and Bieksza each allege only a single incident. Am. Compl. at pp. 13-14 & 20. A single incident is *de minimis* for Eighth Amendment purposes. *Cisse v. Annucci*, 2022 WL 1183274, at *8; *Harris v. Ashlaw*, 2007 WL 4324106, at *5. Plaintiff's claim against Defendants Champlin and Carpenter concerns three incidents. Consistent with caselaw in this circuit, the Court recommends that these claims similarly be denied on

22

the ground that such a claim, even if true, is *de minimis* for Eighth Amendment purposes. *Phillips v. LaValley*, 2014 WL 1202693, at *16 (N.D.N.Y. Mar. 24, 2014); *Benjamin v. Kooi*, 2010 WL 985844, at *11 (N.D.N.Y. Feb. 25, 2010), *report and recommendation adopted*, 2010 WL 985823 (N.D.N.Y. Mar. 17, 2010). Claims against those Defendants, therefore, should be dismissed.

Alternatively, summary judgment is appropriate in that the record fails to establish that Plaintiff suffered an actual injury from any of the alleged tampering incidents, as is required for an Eighth Amendment claim of this sort. *Calvin v. Schmitt*, 2017 WL 4280683, at *5. Conclusory claims of the sort lodged by Plaintiff here are insufficient. *Abreu v. Farley*, 2019 WL 1230778, at *8 (W.D.N.Y. Mar. 15, 2019) (citing cases).

For these reasons, the Court recommends that Plaintiff's food tampering claims be dismissed in their entirety.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Motion for Summary Judgment (Dkt. No. 61) be **GRANTED in part and DENIED in part** as follows:

1) Granted as to Eighth Amendment excessive force claims against Reardon and Bennett, but denied as to Bieksza, Champlin, and Histed;

2) Denied as to the Eighth Amendment medical indifference claim against Defendant DeRocco;

3) Granted as to First Amendment mail tampering claims against Mayne, Zike, and Rugari, but denied as to Waters, Giordani, Keeney, and Kliche;

4) Granted as to Eighth Amendment conditions of confinement claim against Defendant Kierpiec; and

5) Granted as to all meal tampering claims; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[8] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**</u> *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

---

[8] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

& 6(a).

Date:  August 11, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

25