UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID GIBSON,

                Plaintiff,

        -v-                                       9:22-CV-723 (AJB/DJS)

PATRICK REARDON *et al.*,

                Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

DAVID GIBSON
Plaintiff, Pro Se
4412501787
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370

CONWAY, DONOVAN & MANLEY PLLC        RYAN T. DONOVAN, ESQ.
Attorneys for Defendants
50 State Street, 2nd Floor
Albany, NY 12207

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On July 8, 2022, *pro se* plaintiff David Gibson ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Marcy Correctional Facility ("Marcy C.F."). Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 5, 6. Thereafter, plaintiff filed an amended complaint as of right. Dkt. No. 16.

The matter was assigned to Chief U.S. District Judge Brenda K. Sannes, who granted the IFP Application and, after conducting an initial review of the amended pleading, concluded that plaintiff's § 1983:

(1) First Amendment mail tampering claims survived against defendants Ziar, Keeney, Kliche, Waters, Giordani, Mayne, and Rugari;

(2) First Amendment free exercise religious meal tampering claims survived against defendants Chaplain, Carpenter, Bizika, and Foance;

(3) Eighth Amendment conditions-of-confinement meal tampering claims survived against defendants Chaplain, Carpenter, Bizika, and Foance;

(4) Eighth Amendment conditions-of-confinement claim based on an alleged lack of access to an in-cell toilet survived against defendant Keirpeck;

(5) Eighth Amendment excessive force and failure-to-intervene claims survived against defendants Waters, Giordani, Browinski, Roberts, Lamonica, Chaplain, Kessler, Bizika, Bennett, Hesti, Vitale, and Reardon; and

(6) Eighth Amendment medical-indifference claim survived against defendant Darrocco.

Dkt. No. 21.

Defendants answered, Dkt. No. 41, conducted discovery, and moved for partial summary judgment on April 15, 2024. Dkt. No. 61. Defendants argued that plaintiff's First and Eighth Amendment claims failed against certain defendants, and that in any event those defendants were entitled to qualified immunity from those claims. *Id*. After plaintiff opposed, Dkt. No. 66, the matter was reassigned to this Court for all further proceedings, Dkt. No. 67, and referred to U.S.

Magistrate Judge Daniel J. Stewart for a Report & Recommendation ("R&R") on the pending motion for summary judgment.[1]  Dkt. No. 95.

On August 11, 2025, Judge Stewart advised by R&R that defendants' partial motion for summary judgment be granted in part and denied in part.  Dkt. No. 114.  As relevant here, Judge Stewart explained that plaintiff's § 1983 claims began with a use-of-force incident that occurred on May 5, 2022, at Marcy C.F.  Dkt. No. 114. at 3.  After the use-of-force incident, plaintiff was taken to the medical unit, where he was seen by defendant Nurse Darrocco, who allegedly denied him treatment.[2]  *Id*.  Thereafter, plaintiff alleges that defendants Keeney, Kliche, Waters, and Giordani tampered with his mail over a month-long period between September and October 2022.  *Id*. at 16.

Based on a thorough review of the available discovery record, Judge Stewart advised that plaintiff's: (1) Eighth Amendment excessive force and/or failure-to-intervene claims against defendants Reardon and Bennett be dismissed; (2) First Amendment mail tampering claim against defendants Mayne, Ziar, and Rugari be dismissed; (3) Eighth Amendment conditions-of-confinement claim for lack of an in-cell toilet against defendant Kierpiec be dismissed; and (4) First and Eighth Amendment meal tampering claims against defendants Chaplain, Carpenter, Bizika, and Foance be dismissed.  Dkt. No. 114.

Plaintiff has not lodged objections.  Instead, plaintiff has filed a submission that appears to include copies of his recent psychiatric medical records from New York State's Mid-Hudson

---

[1] Defendants were represented by the New York State Attorney General's Office, which moved to withdraw based on a conflict of interest.  Dkt. No. 70.  Defendants are currently represented by private counsel.  Dkt. No. 111.

[2] The R&R includes deviations in the spelling of some defendants' names based on representations made by their counsel during the summary judgment briefing.  At this time, however, the Court will continue to use the spellings from Chief Judge Sannes's prior decision for consistency's sake.  Dkt. No. 21.

Forensic Psychiatric Center. Dkt. No. 115. The time period in which to lodge objections has expired. *See* Dkt. No. 114. Accordingly, upon review for clear error, Judge Stewart's R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 114) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 61) is GRANTED in part and DENIED in part;

3. Plaintiff's (a) Eighth Amendment excessive force/failure-to-intervene claims against defendants Reardon and Bennett; (b) First Amendment mail tampering claim against defendants Mayne, Ziar, and Rugari; (c) Eighth Amendment conditions-of-confinement claim for lack of an in-cell toilet against defendant Kierpiec; and (d) First and Eighth Amendment meal tampering claims against defendants Chaplain, Carpenter, Bizika, and Foance are DISMISSED;

4. The following claims REMAIN for trial: (a) Eighth Amendment excessive force / failure-to-intervene claims against defendants Waters, Giordani, Browinski, Roberts, Lamonica, Chaplain, Kessler, Bizika, Hesti, and Vitale; (b) Eighth Amendment medical-indifference claim against defendant Darrocco; and (c) First Amendment mail tampering claims against defendants Keeney, Kliche, Waters, and Giordani.

The Clerk of the Court is directed to terminate the pending motions.

**IT IS SO ORDERED.**

Dated: September 2, 2025
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge